1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11    JAMES R. KNOWLES,                          Case No. 21-01222 EJD (PR)

              Plaintiff,
12                                               **ORDER OF DISMISSAL**

13          v.

14    CHRIS GOODNIGHT,  et al.,

15            Defendants.

16

17

18          Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42

19    U.S.C. § 1983 against medical officials at the Napa State Hospital ("NHS").  On June 30,

20    2021, the Court dismissed the complaint with leave to amend for Plaintiff to correct

21    several deficiencies in the pleading.  Dkt. No. 8.  Plaintiff filed an amended complaint.

22    Dkt. No. 9.  For the reasons discussed below, the amended complaint is dismissed with

23    leave to amend.

24

25                                   **DISCUSSION**

26    A.    **Standard of Review**

27          A federal court must conduct a preliminary screening in any case in which a

28    prisoner seeks redress from a governmental entity or officer or employee of a

United States District Court
Northern District of California

1    governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any

2    cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

3    upon which relief may be granted or seek monetary relief from a defendant who is immune

4    from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally

5    construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

6           To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

7    elements: (1) that a right secured by the Constitution or laws of the United States was

8    violated, and (2) that the alleged violation was committed by a person acting under the

9    color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

10   **B.      Plaintiff's Claims**

11          In the original complaint, Plaintiff claimed that he was sexually harassed by

12   Defendant Gwyn Coulie (P.M. Shift Lead on Unit T-12) at NHS for months from August

13   2019 to the present day, and that Defendants Coulie, Chris Goodnight, Dr. Lee Wei, Dr.

14   Nathaniel Chapman, and Mike Thompson conspired to cover up her actions for months

15   thereafter. Dkt. No. 1 at 6.  Plaintiff claimed Defendants said he would take legal action

16   against them, Defendants threatened to and did take adverse actions against him during a

17   conference meeting on January 12, 2021, including adjusting his medication and disciplinary

18   measures. Id. at 7-8.  Plaintiff claimed their actions violated his rights under the First

19   Amendment because they conspired to "[quiet him] because [he] was going to file lawsuit for

20   Defendants covering up Gwyn[] Coulie['s] sexual harassment." Id. at 5.

21          In an initial review of the complaint, the Court construed the allegations as

22   attempting to state a retaliation claim but found the allegations were deficient. Dkt. No. 8

23   at 2-3.  The Court dismissed the retaliation claim with leave to amend. Id. at 3.  The Court

24   also advised Plaintiff that he could not proceed with a conspiracy claim against Defendants

25   unless he first established an underlying constitutional violation and a meeting of the

26   minds. Id.  The Court found a cognizable claim against Defendant Coulie for sexual

27   harassment and advised Plaintiff that he must include the claim in the amended complaint

28

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    if he wished to pursue it.  Id. at 4.  Lastly, Plaintiff was advised that he must have

2    exhausted all claims raised in this action before he could proceed.  Id. at 5.

3        In the amended complaint, Plaintiff again names Defendants Chris Goodnight,

4    Nathaniel Chapman, and Mike Thompson, as in the original complaint, and includes two

5    new Defendants: Dane B. Morley and Dominic Hamilton.  Dkt. No. 9 at 2.  He does not

6    include Defendants Lee Wei and Gwyn Coulie from the original complaint.  Accordingly,

7    Defendants Wei and Coulie are no longer parties to this action, and the claims against them

8    are no longer a part of this action.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th

9    Cir.1992).

10       Plaintiff has failed to correct the deficiencies from the original complaint.  Plaintiff

11   again attempts to assert a retaliation claim and conspiracy claim against Defendants

12   Goodnight, Chapman, Thompson, and Morley for their actions on January 12, 2021, but

13   this time for filing a grievance against newly named Defendant Nurse Dominic Hamilton.

14   Dkt. No. 9 at 4.  Plaintiff has already been advised of the following legal standard for

15   stating a retaliation claim.  Id. at 2-3.  "Within the prison context, a viable claim of First

16   Amendment retaliation entails five basic elements: (1) An assertion that a state actor took

17   some adverse action against an inmate (2) because of (3) that prisoner's protected conduct,

18   and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

19   (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v.

20   Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  As before, Plaintiff's

21   allegations are sufficient to satisfy the first three elements based on the allegations that

22   Defendants placed him in segregation because he filed a grievance against Defendant

23   Hamilton.  Dkt. No. 9 at 6.  However, as in the original complaint, there are no allegations

24   regarding the last two elements, i.e., that Defendants' conduct chilled the exercise of

25   Plaintiff's First Amendment rights and did not reasonably advance a legitimate

26   correctional goal.  The conspiracy claim is also deficient because there is no underlying

27   constitutional violation.  Lacey v. Maricopa County, 693 F.3d 896, 935 (9th Cir. 2012) (en

28

3

banc).  Plaintiff was already afforded one opportunity to amend, and the Court finds no good cause to grant him another opportunity based on the same event, i.e., the January 12, 2021 conference meeting.  Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  Accordingly, the retaliation and conspiracy claims must be dismissed for failure to state a claim.

With regards to Defendant Hamilton, Plaintiff claims that she "assaulted and battered" him while taking his blood pressure on December 22, 2020.  Dkt. No. 9 at 4.  Specifically, Plaintiff claims Defendant Hamilton "pushed [him] back into the chair" while attempting to take his blood pressure as he explained "what treatment he takes."  Id.  Plaintiff claims she was argumentative and belligerent, and that he felt scared and upset.  Id. at 4-5.  Plaintiff also claims that Defendant Hamilton is frequently unreasonable, rude, disrespectful, and talks behind his back.  Id. at 7.  These allegations, even if true, are insufficient to state a claim under § 1983.  Assuming that Plaintiff is entitled to at least the same protections as a pretrial detainee against excessive force under the Fourteenth Amendment, he must show only that the "force purposely or knowingly used against him was objectively unreasonable."  Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015).  Here, the only force Plaintiff alleges is being pushed back into the chair when he was not being cooperative.  A non-exhaustive list of considerations that may bear on the reasonableness of the force used include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting."  Kingsley, 576 U.S. at 397.  In light of the fact that Plaintiff is receiving treatment at the NSH for a mental illness, it cannot be said that Defendant Hamilton used unreasonable force in attempting to get Plaintiff to comply with a simple blood pressure

United States District Court
Northern District of California

1  check while he was being uncooperative.  Nor does Plaintiff allege any physical injury

2  from being pushed back into his chair to indicate that it was in any way excessive.

3  Accordingly, Plaintiff fails to state a claim of excessive force against Defendant Hamilton.

4  With regard to the rest of Defendant Hamilton's alleged behavior, allegations of

5  verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983.  See

6  Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) overruled in part on other grounds

7  by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Rutledge v. Arizona Bd. of

8  Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S.

9  719 (1983); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135

10  F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not

11  enough to implicate 8th Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th

12  Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim);

13  Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not

14  invade a federally protected right"); Batton v. North Carolina, 501 F. Supp. 1173, 1180

15  (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983).

16  Accordingly, Plaintiff fails to state a claim for relief based on Defendant Hamilton's verbal

17  abuse.

18  Lastly, Plaintiff clearly indicates that he did not exhaust any of the claims raised in

19  the amended complaint. Dkt. No. 9 at 2.  Plaintiff has already been advised that he must

20  exhaust administrative remedies before filing suit. Dkt. No. 8 at 5.  The Prison Litigation

21  Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42

22  U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison

23  conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in

24  any jail, prison, or other correctional facility until such administrative remedies as are

25  available are exhausted." 42 U.S.C. § 1997e(a).  In the amended complaint, Plaintiff states

26  that he is "still trying to contact them for response" with regards to the NSH's grievance

27  procedures. Dkt. No. 9 at 1.  Accordingly, dismissal would also be appropriate for failure

28

1   to exhaust administrative remedies before filing suit.  See Albino v. Baca, 747 F.3d 1162,

2   1166 (9th Cir. 2014) (en banc).  However, because the amended complaint fails to state

3   any cognizable claim, exhaustion would be futile.

4

5                                    **CONCLUSION**

6         For the foregoing reasons, the amended complaint is **DISMISSED**  with prejudice

7   for failure to state a claim for which relief can be granted.

8         **IT IS SO ORDERED.**

9   Dated: __11/24/2021_____        _____

10                                          EDWARD J. DAVILA
                                           United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   Order of Dismissal
     PRO-SE\EJD\CR.21\01222Knowles_dism(ftsac)

26

27

28                                          6

United States District Court
Northern District of California